## BUSSE *v.* DOUGLAS.

FRAUD—BUILDING CONTRACTS—EVIDENCE—MECHANICS' LIEN.

In a suit to enforce a mechanics' lien for extra work done under an agreement supplemental to the original construction contract, plaintiff's claim that he was defrauded by a false estimate of cost made by the contractor, is *held*, not be sustained by the proofs.

Appeal from Wayne; Hosmer, J. Submitted February 23, 1911. (Docket No. 169.) Decided March 13, 1911.

Bill by William F. Busse against Charles L. Douglas and the Wayne County Savings Bank to enforce a mechanics' lien. From a decree for complainant, defendant Douglas appeals. Affirmed.

*Louis C. Wurzer*, for complainant.

*Devine & Snyder*, for defendant Douglas.

BROOKE, J. The bill of complaint in this cause is filed for the purpose of enforcing a mechanic's lien. It is conceded by defendants that all the proceedings are regular,

but it is claimed by defendant Douglas that the amount of the lien as decreed by the court ($871.69) is too great by about $500.

The original contract was for $2,861, and covered the erection of a two-family apartment house, a building consisting of two full stories and half a third story. The specifications provided:

"Should the proprietor and the architect desire at any time during the progress of the work to make any alterations, additions or omissions in the work, as drawn and specified, the same shall be acceded to by the contractor and carried into effect, without violation of the contract, and the value of such changes shall be agreed upon between the owner and the contractor before the work is done, all additions or reductions being in proportion with the cost of the work and materials embodied in the contract."

During the progress of the work, defendant Douglas determined to fully complete the third story of the building, and asked complainant to estimate the cost of such addition. Complainant made two bids, one for $1,248, which covered the cost of fully completing and finishing the third story, and the other for $496, for "roughing in" the full third story. The parties met in the architect's office and discussed both bids. On cross-examination, defendant Douglas testified:

"Q. Weren't you taking up the $1,248 figure?

"A. Yes, sir; we were $40 apart on that, which Busse offered to split, each to stand $20. Mr. Busse asked me what I was going to do, and I told him to go ahead and rough it in according to the estimate which he had given me. I made no complaint to him at that time that it was too much.

"Q. But you left him with the impression that he was to go ahead at that figure of $496 and do the work, and get paid for it according to that figure—that is the impression?

"A. Yes, sir.

"Q. And there was not until after this work was completed that you made any objection whatever to the estimate of $496?

"*A.* I did not know the difference.

"*Q.* No, no; I am asking you.

"*A.* Yes; that is right.

"*Q.* That is right?

"*A.* Yes, sir.

"*Q.* And he was permitted to complete the job with the understanding from you that he was to get $496 from you?

"*A.* He had the job completed in about 10 days.

"*Q.* I say he was permitted to do that, wasn't he?

"*A.* Yes, sir."

After the job was completed and defendant had taken possession, he refused to pay the balance due complainant; it being claimed by him that complainant had fraudulently estimated the cost of the addition at too high a figure, and that such estimate was not " in proportion with the cost of the work and materials embodied in the contract." The learned circuit judge found that no fraud had been practiced by complainant upon defendant Douglas, and that defendant was bound by his contract to pay the agreed amount for the extra work. He, however, reduced the amount of complainant's lien by the sum of $50 because of defective work. A careful perusal of the record convinces us that the conclusions reached were correct.

The decree is affirmed, with costs.

BIRD, MOORE, BLAIR, and STONE. JJ., concurred.